UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

LEROY PEOPLES,

        Plaintiff,

    -v-                  9:23-CV-1114

KATHY HOCHUL, NYS DOCCS
COMMISSIONER, and BOARD OF
EXAMINERS OF SEX OFFENDERS,

        Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

APPEARANCES:                      OF COUNSEL:

LEROY PEOPLES
Plaintiff, Pro Se
05-A-2620
Woodbourne Correctional Facility
99 Prison Road, P.O. Box 1000
Woodbourne, NY 12788

HON. LETITIA JAMES            DAVID C. WHITE, ESQ.
New York State Attorney General   Ass't Attorney General
Attorneys for Defendants
The Capitol
Albany, NY 12224

DAVID N. HURD
United States District Judge

## ORDER ON REPORT & RECOMMENDATION

On September 1, 2023, *pro se* plaintiff Leroy Peoples ("plaintiff"), who is an inmate in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS"), filed this 42 U.S.C. § 1983 action alleging that certain portions of New York State's Sex Offender Registration Act ("SORA") violated his constitutional rights. Dkt. No. 1. Along with his complaint, plaintiff also moved for leave to proceed *in forma pauperis* ("IFP Application"). Dkt. Nos. 2, 3.

On October 6, 2023, this Court granted plaintiff's IFP Application, did an initial review of the complaint, and determined that plaintiff's First, Fourth, Eighth, and Fourteenth Amendment constitutional challenges to certain provisions of SORA survived initial review and required a responsive filing from defendants. Dkt. No. 4. Thereafter, defendants moved under Rules 12(b)(1), 12(b)(5), and 12(b)(6) of the Federal Rules of Civil Procedure to dismiss plaintiff's complaint in its entirety. Dkt. No. 24. The motion was fully briefed. Dkt. Nos. 27, 30.

On April 22, 2024, U.S. Magistrate Judge Mitchell J. Katz advised by Report & Recommendation ("R&R") that defendants' motion to dismiss be granted and plaintiff's complaint be dismissed. Dkt. No. 31. As Judge Katz explained, plaintiff's had withdrawn his claims against defendants Board of Examiners and the DOCCS Commissioner. *Id.* Based on a careful analysis,

Judge Katz concluded that plaintiff's remaining claims were time-barred by the applicable statute of limitations. *Id.* In Judge Katz's view, absent some clear basis on which to conclude that equitable tolling might be appropriate, plaintiff's complaint must be dismissed. *Id.* Thus, Judge Katz gave plaintiff an opportunity to "assert plausible grounds supporting equitable tolling of the applicable statute of limitations" in his objections to the R&R. *Id.*

Plaintiff has not filed objections or offered any plausible grounds on which to conclude that equitable tolling might be warranted.[1] Thus, upon review for clear error, the R&R is accepted and will be adopted in all respects. FED. R. CIV. P. 72(b).

Therefore, it is

ORDERED that

1. The Report & Recommendation (Dkt. No. 31) is ACCEPTED;

2. Plaintiff's request to withdraw his claims against defendants Board of Examiners of Sex Offenders and NYS DOCCS Commissioner is ACCEPTED and those named defendants are DISMISSED with prejudice pursuant to Fed. R. Civ. P. 41(a)(2);

3. Defendant's motion to dismiss (Dkt. No. 24) is GRANTED; and

4. Plaintiff's complaint is DISMISSED in its entirety.

---

[1] Instead, plaintiff filed a letter request in which he sought the return of his filing fees in four civil actions that were or are pending in this district. Dkt. No. 32. That request was denied after the Clerk of Court conducted a review of its financial records. Dkt. No. 33.

The Clerk of the Court is directed to terminate the pending motions, enter a judgment accordingly, and close the file.

IT IS SO ORDERED.

_____
David N. Hurd
U.S. District Judge

Dated: May 15, 2024
  Utica, New York.